# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **Lisa F.**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, <br><br> Defendant. | Case No. 17-cv-1007-SI <br><br> **OPINION AND ORDER** |

George J. Wall, 1336 E. Burnside St., Suite 130 Portland OR 97214. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Leisa A. Wolf, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    Lisa F. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income pursuant to Title XVI of the Social Security Act (Act). For the reasons discussed below, the Court affirms the Commissioner's decision.

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff was involved in a motor vehicle accident in 2004, which resulted in multiple craniotomies, and which left her in a coma for a week and a half. Since the accident, she has struggled with memory and attention deficits, seizures headaches, blurry vision, dizziness and

vertigo, and chronic back pain. Plaintiff filed her original application for SSI in 2008, but did not appeal her application after it was denied. Plaintiff filed her current application for SSI on July 6, 2011, alleging disability as of July 19, 2004. Plaintiff's application was denied on December 6, 2011, and denied again on reconsideration on April 30, 2012. Plaintiff had a hearing on her claim on August 5, 2013 and was denied again on August 15, 2013. The Appeals Council denied Plaintiff's appeal from the hearing decision on April 23, 2015. Plaintiff then appealed to the United States District Court, where her case was remanded for further adjudication. Following remand, Plaintiff had a hearing on January 10, 2017 before ALJ Hoenninger ("the ALJ"). On April 5, 2017, the ALJ issued a decision finding that Plaintiff was not disabled from July 6, 2011 through the date of the decision.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

PAGE 3 – OPINION AND ORDER

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 6, 2011. At step two, the ALJ found that Plaintiff had the following severe impairments: epilepsy, degenerative disc disease, fractures of lower extremities, hepatitis C, chronic obstructive pulmonary disease, organic mental disorder, affective disorder, and substance addiction disorder. The ALJ found that Plaintiff's hypertension, obesity, diabetes mellitus type II, neuropathy, and thyroid condition were not severe impairments. At step three, the ALJ determined that Plaintiff's impairments do not meet or medically equal one of the listed impairments. The ALJ next assessed Plaintiff's RFC and found that Plaintiff could perform light work with certain physical limitations, including that she should only "occasionally reach overhead bilaterally." The RFC also limited Plaintiff to "simple, routine tasks."

At step four, the ALJ determined that Plaintiff did not have any past relevant work. At step five, the ALJ found that Plaintiff could perform the jobs of mail sorter, price marker, and laundry folder, thus concluding that Plaintiff was not disabled during the period at issue.

# DISCUSSION

Plaintiff challenges the ALJ's findings on two bases: (1) the ALJ improperly relied upon the vocational expert's testimony; and (2) the ALJ erred in rejecting the opinion of a non-examining physician limiting Plaintiff to one-to-two step tasks.

## A. Vocational Expert Testimony

Although Plaintiff's RFC limits her to only "occasionally reach[ing] overhead bilaterally," the three jobs identified as performable by the vocational expert—mail sorter, DOT 209.687-026; price marker, DOT 209-587-034; and laundry folder, DOT 369.687-018—each involve frequent reaching, according to the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles in the revised Dictionary of Occupational Titles* (SCO). *See,* U.S. Dep't of Labor, SCO, pp. 94, 306, 333 (U.S. Emp. And Training Admin., 1993). Neither the ALJ nor the vocational expert explained the apparent discrepancy between Plaintiff's RFC and the job requirements as described in the SCO.

It is error for an ALJ to rely upon a vocational expert's testimony without obtaining a reasonable explanation for conflicts between a vocational expert's testimony and the Dictionary of Occupational Titles (DOT) or its companion publication, the SCO. SSR 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). ALJs, however, must seek an explanation only about conflicts that are "obvious or apparent." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). A conflict is obvious or apparent where the VE's testimony is "at odds with the Dictionary's listing of job requirements that are essential, integral, or expected." *Id.* Where the vocational expert identifies performable jobs that are familiar, "less scrutiny by the ALJ is required." *Id.* "While 'reaching' connotes the ability to extend one's hands and arms 'in any direction,' . . . not every job that involves reaching requires the ability to reach overhead." *Id.*

In *Gutierrez*, the Ninth Circuit held that there was not an obvious conflict between a vocational expert's testimony that a plaintiff who could not raise her right arm above her shoulder could work as a cashier and the DOT, which described the job of cashier as requiring frequent reaching. *Id.* The Ninth Circuit noted that common experience indicated that cashiers, unlike shelf stockers, rarely need to reach overhead. *Id.* Because the "frequency or necessity" of reaching overhead was "unlikely and unforeseeable" for a cashier, the ALJ had no obligation to seek an explanation for the discrepancy. In this case, Plaintiff is not barred entirely from reaching overhead with one or both arms, but is limited to occasional overhead reaching bilaterally. Therefore, where *some* overhead reaching is foreseeable or likely, it does not render the vocational expert's testimony in so obviously in conflict with the SOC as to require that the ALJ seek follow-up questions. As with the job of "cashier" in *Gutierrez*, the jobs identified by the vocational expert require frequent reaching, per the SOC, but do not explicitly require frequent overhead reaching.

Indeed, the DOT descriptions of price marker, mail sorter, and laundry folder do not describe activities that obviously require overhead reaching. The DOT describes the job of price marker as requiring the following physical activities: tying, gluing, sewing or stapling price tickets to articles of merchandise, pressing levers or plungers of mechanisms that attach price tickets to articles of merchandise, packing articles of merchandise in boxes. DOT 209.587-034, *available at* 1991 WL 671802. Mail sorting requires the following physical activities: sorting and stamping incoming mail, opening envelopes by hand or machine, readdressing mail, and examining outgoing mail. DOT 209.687-026, 1991 WL 671813. Finally, laundry folding requires the physical activities of folding laundry, shaking out washed clothes, attaching buttons, unloading tumblers, and turning socks into bundles. DOT 369.687-018, 1991 WL 673072.

Though a person performing these jobs may conceivably be required to reach overhead to retrieve certain items, the physical activities comprising the bulk of the work requirements are generally performed at or below shoulder level.

This case is distinguishable from *Lamear v. Berryhill* 865 F.3d 1201 (9th Cir. 2017), on which Plaintiff relies. In *Lamear*, the vocational expert testified that the plaintiff, who was limited to only occasional handling, fingering, and overhead reaching, could perform the jobs of office helper, mail clerk, or parking lot cashier. The Ninth Circuit held that the conflict between the DOT description of those jobs and the vocational expert's testimony was obvious because those jobs required "opening and sorting mail, stuffing envelopes, distributing paperwork, and counting change" according to the DOT. *Id.* at 1205. Such descriptions strongly suggested that handling and fingering would be a frequent component of the jobs, and thus raised a clear conflict with the vocational expert's testimony. In this case, however, none of the described activities suggest that they will require any overhead reaching at all. There was thus no obvious or apparent conflict between the vocational expert's testimony and the DOT and the ALJ was not obligated to seek further explanation.

### B. Non-Examining Physician Opinion

The ALJ gave significant weight to the opinion of State agency consultant Dr. Boyd, but did not adopt his opinion that Plaintiff was limited to one-to-two step tasks. The ALJ concluded, rather, that Plaintiff was limited to "simple, routine" tasks. Plaintiff argues that in so doing, the ALJ inappropriately substituted her opinion for that of a medical expert, and gave no explanation for doing so. The ALJ cannot ignore medical opinion evidence, but she "is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions

identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

Plaintiff correctly notes that Dr. Boyd, in a 2012 opinion, wrote that Plaintiff could "consistently remember simple 1-2 step instructions." In that same opinion, however, Dr. Boyd also wrote that Plaintiff could "maintain concentration, persistence and pace for simple tasks" but could not "consistently complete more complex tasks." In 2015, moreover, Dr. Boyd wrote that Plaintiff was capable of "understanding [and] remembering simple-to-detailed but not complex instructions." The ALJ noted each of these descriptions of in her opinion and ultimately concluded that a limitation to "simple, routine tasks [was] appropriate." The ALJ, in adopting RFC language that more closely approximates that of Dr. Boyd's later assessment, did not reject Dr. Boyd's opinion or replace Dr. Boyd's judgment with her own. Rather, she resolved certain ambiguities in Dr. Boyd's opinion. Moreover, the ALJ's assessment was consistent with each of Dr. Boyd's descriptions of Plaintiff's limitations. Plaintiff herself concedes in her reply brief that Dr. Boyd's opinion that Plaintiff was limited to "simple-to-detailed but not complex" tasks "does not appear to conflict" with Dr. Boyd's limitation to one-to-two step instructions in 2012. Because Dr. Boyd's different descriptions of Plaintiff's limitations in concentration, persistence, and pace are generally consistent with one another and the ALJ's ultimate conclusion, the ALJ was not obligated to include a more extensive explanation for choosing the language that she did.

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 6th day of August, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 9 – OPINION AND ORDER